OPINION
{¶ 1} This matter is before us on an appeal[1] by numerous defendants-appellants[2] who are challenging an order of the Butler County Court of Common Pleas finding that certain provisions in Amended Substitute House Bill 292 could not be applied prospectively to the asbestos claim of plaintiff-appellee, Deborah Stahlheber, Administratrix of the Estate of Cecil Sizemore, but administratively dismissing appellee's claim, anyway, pursuant to R.C. 2307.93(C).
 {¶ 2} From 1952 to 1979, Cecil Sizemore worked as a truck driver and forklift operator at the Nicolet Industry Plant in Hamilton, Ohio. Sizemore was exposed to asbestos during the period in which he worked at the plant. Sizemore died on May 14, 2001.
 {¶ 3} On May 13, 2003, appellee, Sizemore's daughter, acting as the administratrix of the Estate of Cecil Sizemore (hereinafter "decedent"), filed a complaint against a number of companies (hereinafter "appellants"[3]) that have been engaged in the mining, processing or manufacturing, or sale and distribution of asbestos or asbestos-containing products or machinery. Appellee alleged that decedent had been exposed to asbestos or asbestos-containing products or machinery in his occupation, and that appellants were jointly and severally liable for decedent's "asbestos-related lung injury, disease, illness and disability and other related physical conditions."
 {¶ 4} On September 2, 2004, Amended Substitute House Bill 292 (hereinafter "H.B. 292") went into effect. The key provisions of H.B. 292 are codified in R.C. 2307.91 to 2307.98. Among other things, these provisions require a plaintiff bringing an asbestos claim to make a prima facie showing that the exposed person has a physical impairment resulting from a medical condition, and that the person's exposure to asbestos was a substantial contributing factor to the medical condition. See R.C. 2307.92(B)-(D).
 {¶ 5} Appellee advanced two claims in her action against appellants: (1) that decedent had contracted asbestosis[4] as a result of his exposure to asbestos in his workplace; and (2) that appellants were also liable under a theory of wrongful death.
 {¶ 6} In March 2006, appellee filed a motion with several exhibits attached, seeking to establish the prima facie showing required under H.B. 292. Appellants responded with a memorandum in opposition, asserting that appellee's proffered evidence failed to establish a sufficient prima facie showing to allow her case to proceed, and requesting that appellee's case be administratively dismissed pursuant to R.C. 2307.93(C).
 {¶ 7} On April 24, 2005, the trial court held a hearing on the parties' various arguments regarding appellee's asbestos-related claims. Appellee conceded at the hearing that based on decedent's death certificate, which had been filed in the case, "there is no evidence * * *, at the moment, that [decedent's] death was caused as a result of an [asbestos-related] disease." Appellee requested the trial court to administratively dismiss both her asbestosis and wrongful death claims until she had an opportunity to gather additional evidence in support of them. Appellee also asked the trial court to find that the retroactive application of H.B. 292 to her case would be unconstitutional, as the trial court had found in previous cases. See Wilson v. ACS, Inc. (Mar. 7, 2006), Butler Cty. C.P. No. CV2001-12-3029.
 {¶ 8} On June 1, 2006, the trial court issued an "Amended Order of Administrative Dismissal" with respect to appellee's asbestos claim. Initially, the trial court found that pursuant to R.C. 2307.93(A)(3)(a), applying R.C. 2307.92 to appellee's case "would impair [her] substantive rights in such a way as to violate Section 28, Article II of the Ohio Constitution." Consequently, the trial court announced its intention to review the prima facie materials that had been filed in the case according to the law as it existed prior to September 2, 2004.
 {¶ 9} However, the trial court concluded that the prima facie evidence presented by appellee failed "to meet the criteria for maintaining an asbestos-related bodily injury claim that existed prior to September 2, 2004." Consequently, the trial court administratively dismissed appellee's case without prejudice pursuant to R.C. 2307.93(C).
 {¶ 10} Appellants now appeal from the trial court's June 1, 2006 order, raising the following assignment of error:
 {¶ 11} "THE TRIAL COURT ERRED IN ITS INTERPRETATION THAT R.C. 2307.92
VIOLATES THE OHIO CONSTITUTION."
 {¶ 12} Appellants argue that the trial court erred in determining that it could not apply certain provisions of H.B. 292, including R.C.2307.92, without violating the ban on retroactive legislation contained in Section 28, Article II of the Ohio Constitution. We agree with this argument.
 {¶ 13} Initially, appellee contends that the order from which appellants are appealing is not a final appealable order. We disagree with this contention.
 {¶ 14} R.C. 2505.02, which governs "final orders," states in pertinent part:
 {¶ 15} "(A) As used in this section:
 {¶ 16} "* * *
 {¶ 17} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to * * * a prima facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 {¶ 18} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 19} "* * *
 {¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 23} In this case, the proceedings in the trial court constituted a "provisional remedy" under R.C. 2505.02(A)(3) since they involved a proceeding for "a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section2307.93 of the Revised Code." Additionally, the order being appealed is one "that grants or denies a provisional remedy[,]" in that the trial court (1) found that appellee had not made a sufficient prima facie showing under R.C. 2307.92, and (2) made a finding under R.C.2307.93(A)(3). See R.C. 2505.02(A)(3) and (B)(4).
 {¶ 24} The order appealed from is also one that "determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(B)(4)(a). Specifically, the trial court found that pursuant to R.C. 2307.93(A)(3)(a), applying R.C. 2307.92 to appellee's case "would impair [appellee's] substantive rights in such a way as to violate Section 28, Article II of the Ohio Constitution." As a result, the trial court concluded that the law in effect prior to the effective date of H.B. 292, i.e., September 2, 2004, must be applied to this action. Consequently, the order appealed from meets both of the requirements listed in R.C. 2505.02(B)(4)(a).
 {¶ 25} Finally, in light of all of the facts and circumstances of these proceedings, appellants "would not be afforded a meaningful or effective remedy" by having to wait to file an appeal "following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(b). Therefore, we conclude that the order from which the instant appeal was taken was final and appealable. This court has reached the same conclusion in similar, recent cases. See, e.g., Wilson v. ACS, Inc. (Dec. 18, 2006), Butler App. No. CA2006-03-056, 2006-Ohio-6704, at fn. 3.
 {¶ 26} As to the issues raised in appellants' assignment of error, we first note that in Wilson, this court held that R.C. 2307.91, 2307.92, and 2307.93 are procedural or remedial provisions rather than substantive ones, and, therefore, their retroactive application to cases filed before the effective date of those provisions, i.e., September 2, 2004, did not violate the ban on retroactive legislation contained in Section 28, Article II of the Ohio Constitution.
 {¶ 27} In light of our decision in Wilson, the trial court erred when it found, pursuant to R.C. 2307.93(A)(3)(a), that applying R.C. 2307.92
to appellee's case "would impair [her] substantive rights in such a way as to violate Section 28, Article II of the Ohio Constitution." The trial court also erred when it "review[ed] the prima facie materials that had been filed in the case according to the law as it existed prior to September 2, 2004."
 {¶ 28} The trial court's decision to administratively dismiss appellee's case pursuant to R.C. 2307.93(C), on the other hand, was correct. Since appellee did not make the requisite prima facie showing, the trial court was obligated to dismiss both of appellee's asbestos claims (for asbestosis and wrongful death) without prejudice pursuant to R.C. 2307.93(C).
 {¶ 29} If appellee seeks to reinstate her case pursuant to R.C.2307.93(C), then she must make the prima facie showing that meets the minimum requirements specified in R.C. 2307.92(B), (C), or (D), whichever is applicable; however, she may not rely on the law as it existed prior to September 2, 2004, contrary to what the trial court had indicated in its decision. See R.C. 2307.93(C) ("Any plaintiff whose case has been administratively dismissed under this division may move to reinstate the plaintiff's case if the plaintiff makes a prima-facie showing that meets the minimum requirements specified in division (B), (C), or (D) of section 2307.92 of the Revised Code").
 {¶ 30} Appellants' assignment of error is sustained.
 {¶ 31} The trial court's June 1, 2006 order is affirmed in part and reversed in part, and this cause is remanded to the trial court with instructions to issue a new order consistent with this opinion and in accordance with the law of this state.
POWELL, P.J., and YOUNG, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] The defendants-appellants in this case are: American Standard, Inc., 3M Company, Oglebay Norton Company, Certainteed Corporation, Union Carbide, Uniroyal, Inc., Georgia-Pacific Corporation, Maremont Corporation, Foster Wheeler Energy Corporation, Ohio Valley Insulating Company, Inc., and Rapid American Corporation.
[3] The companies named as defendants in Staley's original complaint included the companies listed in fn. 2, plus a number of other companies who were eventually dismissed as defendants to this action. For ease of reference, we shall refer to all of these defendants as "appellants" even though several of them have been dismissed from this action and are not parties to this appeal.
[4] "'Asbestosis' means bilateral diffuse interstitial fibrosis of the lungs caused by inhalation of asbestos fibers." R.C. 2307.91(D).